```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JAMES KOILOIRE LEE,              :
      Petitioner
                              :

      vs.                       :   CIVIL NO. 1:CV-06-2447

                              :
ATTORNEY GENERAL USA,
      Respondent               :

M E M O R A N D U M

*I.   Introduction*

      Petitioner James Koiloire Lee, a citizen of Liberia, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) as well as a motion to proceed in forma pauperis. (doc. 14). Lee was admitted to the United States in 1995 (doc. 1, p. 2) and in 2005 was arrested on charges of shoplifting, second degree trespassing, assault, possession of a stolen vehicle, and reckless endangerment. (doc. 16, ex. 1).[1] An immigration judge ordered Lee's removal on February 22, 2006. *Id*. Lee has been in custody since that time.

      Lee claims that Immigration and Customs Enforcement ("ICE") has detained him for more than fifteen months since his order of removal, and he seeks release from custody pending removal. Lee relies on *Zadvydas v. Davis*, 533 U.S. 678, 150

---

      [1] Lee claims that he was arrested in July 2006; however, this may be a typographical error as an immigration judge ordered his removal in February 2006. (doc. 16, ex. 2).

L.Ed.2d 653, 121 S.Ct. 2491 (2001), 8 C.F.R. § 241.13, and his due process rights in support of his petition. (doc. 1, p. 5).

We ordered the government to respond and directed Lee to file a completed motion to proceed in forma pauperis. (doc. 4). The government, after receiving two extensions to complete its review of Lee's custody file, filed its response. (doc. 16). Lee did not file a traverse. We will deny Lee's habeas petition and grant the motion to proceed in forma pauperis.

*II.   Discussion*

Removal of an alien subject to a final order of removal is governed by 8 U.S.C. § 1231. When an order of removal becomes final, the Attorney General has ninety days to remove the alien from the United States. 8 U.S.C. § 1231(a). Detention is mandatory during this ninety day period. *Id.* § 1231(a)(2).

Upon expiration of the ninety-day detention period, the government may either continue detention or release the alien under the supervision of the Attorney General. *Id.* §§ 1231(a)(3), (6). Continued detention, however, may not be indefinite. Section 1231(a) provides that ICE may detain the alien for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. In *Zadvydas*, the Court established a six-month period after the deportation order during which it is presumptively

reasonable to detain the alien.  *Id.* at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  ICE must make this showing to keep the alien in custody.  The length of confinement beyond the six-month period shapes our interpretation of what is "reasonably foreseeable" with respect to the likelihood of removal.  *Id.*  That is, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  *Id.*

Although Lee's removal order became final on February 22, 2006, (doc. 1, p. 11), approximately fifteen months ago, he has not been removed to Liberia.  The statutory removal period ended on May 23, 2006, ninety days after the final order of removal.  *See* 8 U.S.C. § 1231(a).  Additionally, the presumptively reasonable six-month removal period ended on August 22, 2006.  In support of his claim that there is no significant likelihood of removal in the reasonably foreseeable future, Lee contends that the Liberian consulate has informed him that it will not issue the necessary travel documents.  (doc. 1, p. 3).  Lee claims the Liberian consulate will not issue these documents despite his communication and cooperation with consulate officials in trying to secure them.  *Id*.

In response, the government contends that Lee should not be released because his removal will occur in the reasonably foreseeable future. (doc. 16, p. 2). According to the penalty-of-perjury declaration of John Seright, an ICE official serving as the government's liaison with Liberia for removal of Liberian nationals, "the government of Liberia has agreed to issue a travel document for Mr. Lee with the condition that he is removed to Liberia via the next charter flight, which is scheduled to take place in June 2007." (doc. 16, ex. 2). Seright explains that "ICE will conduct a chartered removal flight to Liberian [sic] in the near future" and that Lee's removal "is likely in the reasonably foreseeable future." *Id*.

We agree that there is a significant likelihood that Lee will be removed to Liberia in the reasonably foreseeable future. Therefore, he is not entitled to release and we will deny his habeas petition. In reaching this conclusion, we are mindful that what is reasonably foreseeable shrinks as the period of postremoval confinement grows and that in Lee's circumstances, approximately ten months have passed since the expiration of the six-month period. However, the government's declaration represents that Lee's removal will occur in the immediate future. Additionally, we note that Lee may file a new

§ 2241 petition challenging his continued detention if events show that the government has not completed his removal.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES KOILOIRE LEE,          :
     Petitioner
                              :

     vs.              :   CIVIL NO. 1:CV-06-2447

                              :
ATTORNEY GENERAL USA,
     Respondent          :

O R D E R

AND NOW, this 5th day of June, 2007, upon review of the petition (doc. 1), filed pursuant to 28 U.S.C. § 2241, and based on the accompanying Memorandum, it is ordered that:

    1.  The petition is denied;

    2.  Petitioner's motion to proceed in forma pauperis (doc. 14) is granted;

    3.  The Clerk of Court shall close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge